Nott, J.,
concurring:
A. is a manufacturer of distilled spirits. He removes the ■spirits which he has made to his own warehouse, “ for consumption or sale,” and' pays the tax thereon. After the spirits are stored in his own warehouse, and after the tax has been paid thereon, there is. a loss by evaporation and leakage. Shall A. bear this loss entire, or shall the government be made to refund pro tanto the tax which it has levied and he has paid ? Clearly the loss, like the loss of all property which has paid taxes, must foe borne by A.
. B. is also a manufacturer of distilled spirits. But when he removes the spirits which he has made, u for consumption or sale,” instead of paying the tax upon them, he avails himself of a credit given by the government, and places the spirits in a bonded warehouse. The spirits, like those of A., lose by evaporation and leakage. Shall B. bear the loss, like A., or, because he has not paid the tax as A. did, but- has enjoyed a credit not enjoyed by A., shall he have the greater advantage *99 of making tbe government tbe insurer, without premium, of bis spirits, and refund, in effect, to him tbe loss wbicb tbe other manufacturer was compelled to bear ? Clearly such discrimination against tbe man who pays bis tax promptly, and in favor of tbe man who postpones bis payment so long as be pleases, would err greatly against every principle of just taxation, and is not to be thought of, unless tbe statute, in most plain and unmistakable terms, has thus enacted.
But suppose a third case: B. manufactures a certain quantity of distilled spirits, and reniovms half thereof to a bonded warehouse, and sells tbe other half to C. At tbe time of sale B. adds to tbe cost and profit of manufacture tbe tax paid to tbe government, so that 0. becomes, in effect, tbe payer of tbe tax. C. then removes his half of tbe spirits to bis own storehouse, where they lose by evaporation and leakage, just as B.’s half is losing in tbe bonded warehouse. Shall it be said that tbe government must insure and lose upon tbe half of tbe spirits wbicb have not paid tax, and tbe purchaser insure and lose upon tbe half which have paid tax "1 Or, to put tbe case more closely, was tbe law intended to give to distillers a benefit wbicb it withholds from every manufacturer, purchaser, and consumer in tbe land %
Tbe statute certainly has given to tbe distiller no such extraordinary favor in express terms ,• and my brother Boring, I think, has conclusively shown that no such provision exists by implication. Tbe illustrations and analogies cited by tbe learned counsel of tbe claimants, in bis able and ingenious argument, of imported spirits lost on tbe 'voyage, in tbe case of Marriot v. Brune, (9 How., 634,) and Lawrence v. Caswell, (13 id., 488,) bear no similitude to what is here contended for, because tbe rule there worked injustice to no one, and was but a loss in transitu, such as is given to tbe distiller by statute here.
For these reasons I agree with tbe majority of tbe court, and if any subsequent “ regulation” has been made by the Internal Bevenue Bureau, (Circular No. 40,) as is stated in the petition, I think that “regulation” against tbe policy, spirit, and letter of tbe law, and that it bestows such extraordinary grace upon distillers as is extended neither to producers, nor manufacturers, nor capitalists, nor to any other tax-payer in tbe United States.